http://www.va.gov/vetapp16/Files4/1630439.txt

Citation Nr: 1630439 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 04-18 932 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

1. Entitlement to service connection for a back disability.
 
2. Entitlement to service connection for headaches.

3. Entitlement to service connection for a psychiatric disability, to include depression.
 
4. Entitlement to an initial compensable rating for scar on the left flank, as a residual of surgery for blockage of the left kidney.

REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

R. Erdheim, Counsel

INTRODUCTION

The Veteran served on active duty from August 1972 to August 1975.

This matter comes before the Board of Veterans' Appeals (Board) from an October 2002 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that, in pertinent part, granted service connection for a scar of the left flank, as a residual of surgery for blockage of the left kidney, and denied entitlement to service connection for back pain, stress and depression, and headaches. The Board remanded the claim in July 2012.

The issue of entitlement to an increased rating for a left flank scar is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. The competent and credible evidence is against a finding that Veteran's low back disability or headaches were caused or aggravated by any incident in service.

2. The competent and credible evidence of record demonstrates that the Veteran's diagnosed psychiatric disorder, depressive disorder, was caused or aggravated by his service.

CONCLUSIONS OF LAW

1. The criteria for service connection for a low back disability have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2015).

2. The criteria for service connection for headaches have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2015).

3. The criteria for service connection for the Veteran's psychiatric disorder, diagnosed as depressive disorder, have been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). The Board notes substantial compliance with the 2012 remand, as the Veteran's medical records during his imprisonment have been obtained, and the RO made two attempts to obtain private records from Dr. H.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a link between the claimed in-service disease or injury and the present disability. For chronic diseases listed in 38 C.F.R. § 3.309(a) -including arthritis and psychoses- service connection may also be established by showing continuity of symptoms. 38 C.F.R. § 3.303(b); 38 C.F.R. § 3.309(a); see Walker v. Shinseki, 708 F.3d 1331 (Fed.Cir.2013). 

Where a Veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic disease, to include arthritis and psychoses, to a degree of 10 percent within one year from the date of termination of such service such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Low Back Disability & Headaches

The Veteran contends that his current low back disability and headaches were caused or aggravated by a motor vehicle accident that occurred in service, and that ever since that accident he has suffered from headaches and back pain.

However, the Board finds that the preponderance of the evidence is against the Veteran's claims and therefore service connection for a low back disability and for headaches must be denied.

Although the Veteran asserts that his symptoms of low back pain and headaches have been present since service, and he is competent as a lay person to state that he has suffered from headaches and back pain, his credibility is called into question with regard to these assertions. Specifically, it was not until over 25 years following separation from service that the Veteran claimed that he suffered from headaches or a low back disability related to service. Prior to his current claim filed in March 2002, the Veteran filed claims for service connection in September 1975 and in March 1982 for service connection for residuals of injuries sustained in a motor vehicle accident in service. At the time of both previous claims, his assertions were very specific and did not include suffering from any headaches or low back symptoms or problems. At the time of the 1975 claim, he reported having a residual kidney condition, glass in the right arm, chipped right elbow, scars on the arm and side, and broken ribs as a result of the car accident. At the time of the 1982 claim, he reported having had surgery to the left kidney, two broken fingers, a right hand laceration, left elbow glass residuals, two broken ribs on the left side, and lacerations to the forehead with scars as a result of the car accident. An associated medical treatment record obtained from his private physician dated in June 1980 was negative for any indication of headaches or low back symptoms. It is thus clear that for over 25years following service separation, the Veteran did not assert that he suffered from a back disability or from headaches related to the car accident in service. This evidence weighs heavily against his credibility and ultimately his service connection claim. The Veteran has not identified any other records to demonstrate that he has suffered from back pain or headaches since service.

Moreover, in July 2015, a VA examiner found that it was less likely than not that the Veteran's current headaches or low back disability were caused or aggravated by his service. The examiner reviewed the service treatment records, noting that the Veteran was involved in a motor vehicle accident in 1974 that resulted in hospitalization for significant abrasions, contusions, left flank pain, and head trauma, however, there was no documentation at the time of low back pain or headaches. Post-service treatment records showed that in 2001 and in 2013, the Veteran was seen for arthritic back pain. However, these records were dated many years following service separation and therefore did not show a continuity of symptoms since service. While the etiology of the Veteran's back pain was unknown, it was most likely related to the Veteran's lifestyle choices as he admitted to drinking a lot and had been in many physical altercations. Because there were no records to support a continuity of symptoms of headaches or a low back disability, or indication of headaches related to head trauma while in service, it was less likely than not that his current headaches or low back disability were related to service.

Also of significant probative weight in this case is the fact that on September 1975 separation examination, the Veteran denied experiencing headaches or back pain.

Accordingly, the Board finds that the evidence does not demonstrate the occurrence of a low back disability or headaches in service.

The Board notes that lay persons are competent to provide opinions on some medical issues. See Kahana v. Shinseki, 24 Vet. App. 428 (2011). The specific issues in this case, however, fall outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The Veteran is competent to testify as to observable symptoms, however, the medical evidence does not support the Veteran's claims, and his contentions lack credibility in contrast to the medical evidence.

The Board therefore concludes that the preponderance of the evidence is against the claims and they must be denied. 38 U.S.C.A. § 5107(b).

Depression

The Veteran contends that his current depression was caused or aggravated by his service, specifically, when he was involved in a motor vehicle accident that resulted in his own injuries as well as the death of his girlfriend. 

The service treatment records confirm that the Veteran was involved in a motor vehicle accident in 1974 and was hospitalized. They also demonstrate that while hospitalized, the Veteran appeared very depressed and he wanted to see his girlfriend in the ICU. He would stay outside her door continuously. On July 2015 VA examination, the Veteran reported that his girlfriend had died five days after the accident, having not regained consciousness. Following this event, he underwent urological surgery due to his injuries and remained hospitalized for several months. The Veteran reported that he has since felt depressed and anxious and became an alcoholic in order to "anesthetize" himself from the pain and depression related to his girlfriend's death. The examiner reviewed the record and conducted mental status examination of the Veteran, ultimately determining that it was as likely as not that the Veteran's depressive disorder first manifested during his service as a result of his girlfriend being injured and subsequently dying from the car accident. 

The Board finds that the July 2015 VA opinion supportive of the Veteran's claim is consistent with the record in that the service records document the car accident and the Veteran's distress over the condition of his girlfriend. The evidence is competent and credible, and thus highly probative in this case. Accordingly, and because there is no evidence to the contrary, the Board finds that the elements of service connection for a depressive disorder have been met.

ORDER

Service connection for headaches is denied.

Service connection for a low back disability is denied.

Service connection for a depressive disorder is granted.

REMAND

With regard to the Veteran's claim for an increased rating for a scar of the left flank, at his 2016 hearing before the Board, the Veteran stated that his scar would get flaky and irritated. To date, there has not been a VA examination to assess the severity of the Veteran's scar. In light of the Veteran's symptoms, the Board finds that a VA examination should be conducted in order to accurately adjudicate his claim.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to assess the current severity of his scar of the left flank. The appropriate DBQ should be used for this examination, if available.

2. Then, readjudicate the claim. If the decision remains adverse to the Veteran, issue a supplemental statement of the case. Allow the appropriate time for response, then return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs